An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KRISTOPHER MICHAEL
ZIMMERMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60783

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted sexual assault. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant argues that the district court erroneously denied his motion to dismiss a charge of attempted sexual assault because the district court lacked jurisdiction to prosecute him as he was 17 years old at the time the offense was committed, there was no formal adult certification proceeding, and nothing in the 2009 amendment to NRS 62B.330 provides for retroactive application of the amendment. As amended in 2009, NRS 62B.330(3)(e)(2) expressly excludes from the juvenile court's jurisdiction cases in which a person commits a category A or B felony if the person was at least 16 years old but less than 18 years old when the offense was committed but is not identified as the perpetrator until after reaching 21 years of age. In State v. Barren, we held that "this statutory provision governs jurisdiction over any proceeding initiated after the provision went into effect on October 1, 2009, regardless of when the offense was committed." 128 Nev. ___, ___,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04653

279 P.3d 182, 183 (2012). Here, the record indicates that appellant was 17 when he committed the offense on July 1, 2001, and 21 or 22 years old when DNA evidence linked him to the offense in 2005. The State filed a complaint charging him with sexual assault on October 28, 2009. Under Barren, appellant fell under the jurisdiction of the district court, not the juvenile court, in his prosecution. Appellant has not persuaded us to revisit Barren based on other decisions by this court or any other reason he advances.

Appellant also argues that his prosecution under NRS 62B.330 constitutes an ex post facto violation because the statute "serve[d] to revive a practically barred prosecution, even though no action was filed during the relevant time." In this, he argues that there was a substantial period of time where he could not be prosecuted because no court would have had jurisdiction over him for the offense and that it was only the advent of the 2009 amendment to NRS 62B.330 that allowed his prosecution to proceed. As we stated in Barren, "some court always has jurisdiction over a criminal defendant." Id. at ___, 279 P.3d at 185; see NRS 171.010 ("Every person, whether an inhabitant of this state, or any other state, or of a territory or district of the United States, is liable to punishment by the laws of this state for a public offense committed therein, except where it is by law cognizable exclusively in the courts of the United States."). Therefore, we reject appellant's contention that only the passage of the amendment allowed his prosecution to proceed. Moreover, ex post facto is only implicated where a law is retrospective. United States v. Lyndell, 124 F.3d 1170, 1172 (9th Cir. 1997). As we recognized in Barren, NRS 62B330(3)(e)(2) is a jurisdictional statute and therefore does not raise concerns about retroactivity, as those statutes

typically speak to the power of the court and do not take away a substantive right. Id. at ___, 279 P.3d at 185. Accordingly, we conclude that ex post facto is not implicated in this instance. See Barren, 128 Nev. at ___, 279 P.3d at 187 n.8 (declining consideration of ex post facto claim because retroactive application of NRS 62B330(3)(e)(2) was unnecessary).

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.    _____, J.
Parraguirre                     Cherry

cc:    Hon. Jerome Polaha, District Judge
       Richard F. Cornell
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]Appellant argued in his fast track statement that the charge was barred by the statute of limitations. However, he conceded in his fast track reply that his argument is foreclosed by NRS 171.083.